UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC RHYM, SR., <br><br> Plaintiff, <br><br> v. <br><br> FRANK C., et al., <br><br> Defendants. | No. 2:19-cv-0215 AC P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a pretrial detainee proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 8. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint names Frank C., Shabaaz P.I., and Joshua Kurtz as defendants. ECF No. 1 at 2. Plaintiff alleges that Kurtz, his public defender, has not provided him access to the court. Id. at 5. He alleges that Frank C. "started a roof job without [his] permission." Although it is not clear, plaintiff appears to allege that Shabaaz was an investigator who "gave the wrong pen code on a time served case," although Shabaaz is also identified as an owner or co-owner of Production Roofing. Id. at 2, 5. Plaintiff requests release from custody and damages. Id. at 6. He has also filed two additional documents which are identified as amended complaints, but which make no identifiable claims. ECF Nos. 5, 6.

### IV. Failure to State a Claim

#### A. Defendant Kurtz

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

////

In this case, plaintiff's allegations against Kurtz are based on his claims that Kurtz was deficient in carrying out his duties as counsel. Because plaintiff's allegations are about Kurtz' actions in representing him as a public defender, Kurtz was not acting under color of state law. This means that plaintiff cannot bring a claim against him under § 1983. Furthermore, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). For these reasons, the claims against defendant Kurtz should be dismissed without leave to amend.

### B. Defendant Shaabaz

Assuming Shaabaz is the "investigator" who reported the wrong penal code, plaintiff has failed to state a claim. If Shaabaz was plaintiff's court appointed investigator, then plaintiff's claim against him fails for the same reason his claim against Kurtz fails. Cook v. County of Fresno, No. 1:18-cv-1347 LJO EPG, 2018 WL 6044922, at *3, 2018 U.S. Dist. LEXIS 197189, at *8 (E.D. Cal. Nov. 19, 2018) ("[P]ublicly appointed investigators and paralegals do not act under 'color of state law' within the meaning of section 1983." (citations omitted)); Carter v. Lopez, No. 1:14-cv-1818 AWI GSA, 2015 WL 429669, at *2, 2015 U.S. Dist. LEXIS 12084, at *5 (E.D. Cal. Feb. 2, 2015) ("Plaintiff cannot state a claim against his court-appointed investigator, as an investigator is subject to the direction of the attorney in the course of the attorney performing his traditional function."). If Shaabaz was an investigator providing information to the court, then he is immune from damages and the claims also fail. See Demoran v. Witt, 781 F.2d 155, 157-58 (9th Cir. 1985) (probation officers "required by law to 'investigate and report to the court . . . upon the circumstances of the crime and the prior history and record of the person, which may be considered either in aggravation or mitigation of the punishment'" are immune from liability under § 1983 (alteration in original) (citations omitted)). Finally, if Shaabaz is not the "investigator," then plaintiff has not made any claims against him and he must be dismissed for that reason.

### C. Defendant Frank C.

Plaintiff's claim that defendant Frank C. "started a roof job without [his] permission" does not state any kind of cognizable claim that the court can identify. Furthermore, as a private actor,

plaintiff cannot bring a claim against him under § 1983 and defendant Frank C. must be dismissed.

D. Heck Bar

State prisoners may not attack the fact or length of their confinement in a § 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"). Here, plaintiff requests that he be released from custody. ECF No. 1 at 6. Accordingly, the claims lie directly within the core of habeas corpus to the extent plaintiff is challenging the validity of his continued confinement and a favorable determination would result in his speedier release. For this reason, the claims must be dismissed.

V. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that given the nature of the claims, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

////

It is being recommended that your claims be dismissed because even if they are true, none of the people you have named are proper defendants under § 1983.  Also, you cannot use a civil rights lawsuit to get out of jail; only a habeas petition can challenge your detention.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 5, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE